**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MANDY M. MARLAND,<br>　　　　　Appellant, | DOCKET NUMBER<br>CH-0752-14-0794-I-2 |
| 　　　v. | |
| DEPARTMENT OF THE ARMY,<br>　　　　　Agency. | DATE: March 18, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Mandy M. Marland, Blue Grass, Iowa, pro se.

Christine L. Kachan, Esquire, Warren, Michigan, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant was employed as a logistics management specialist. *Marland v. Department of the Army*, MSPB Docket No. CH-0752-14-0794-I-1, Initial Appeal File (IAF), Tab 1, Report of Investigation (ROI) at 152. After her third‑level supervisor gave her the option to do so, she went on leave without pay (LWOP) status in September 2012. Hearing Transcript (HT) at 74. However, she resigned from her position effective in October 2012. IAF, Tab 1, ROI at 152. She filed a formal complaint of discrimination in which she alleged, inter alia, that she resigned as a result of the agency's actions, which exacerbated her disability. *Id*. at 13-23. The agency issued a final agency decision finding, inter alia, that the appellant failed to establish that her resignation amounted to a constructive discharge. IAF, Tab 4 at 13-15. The appellant filed the instant Board appeal regarding the resignation and requested a hearing. IAF, Tab 1. The administrative judge dismissed the appeal without prejudice to be automatically refiled at a later date. IAF, Tab 11, Initial Decision. The appeal subsequently was automatically refiled. *Marland v. Department of the Army*, MSPB Docket No. CH-0752-14-0794-I-2, Refiled Appeal File (RAF), Tab 1.

¶3      After holding a videoconference hearing, the administrative judge dismissed the appeal for lack of jurisdiction. RAF, Tab 18, Initial Decision (I-2 ID). Specifically, she found that the appellant failed to show that her resignation was the result of improper acts on the part of the agency and that she therefore failed to prove by preponderant evidence that her resignation was involuntary. I-2 ID at 7-8. The appellant filed a timely petition for review in which she argues that the administrative judge: (1) improperly focused on the agency's accommodation efforts when the reason she resigned was her first-level supervisor's discrimination and creation of a hostile work environment; and (2) failed to take into consideration her disability and symptoms in determining that a reasonable person in her position would not have felt compelled to resign. Petition for Review (PFR) File, Tab 1 at 4. The agency has responded in opposition to the appellant's petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4      A decision to resign is presumed to be a voluntary act outside the Board's jurisdiction unless the appellant shows by a preponderance of the evidence[2] that her resignation was involuntary and therefore tantamount to a forced removal. *Freeborn v. Department of Justice*, 119 M.S.P.R. 290, ¶ 9 (2013). The appellant may overcome the presumption of voluntariness by showing that: (1) the resignation or retirement was the product of misinformation or deception by the agency; or (2) the resignation or retirement was the product of coercion by the agency. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 19 (2007). To establish involuntariness on the basis of coercion, an employee must show that: (1) the agency effectively imposed the terms of her resignation or retirement; (2) she had no realistic alternative but to resign or retire; and (3) her

---

[2] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

resignation or retirement was the result of improper acts by the agency. *Id*. In cases such as this one, where the employee alleges that the agency took actions that made working conditions so intolerable that she was driven to an involuntary resignation or retirement, the Board will find an action involuntary only if she demonstrates that the employer engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in her position would have felt compelled to resign or retire. *Id*., ¶ 20. When discrimination is alleged in connection with a determination of involuntariness, evidence of discrimination or retaliation may only be addressed insofar as it relates to the issue of voluntariness and not whether the evidence would establish discrimination or reprisal under the standards used to prove discrimination. *Wright v. Department of Veterans Affairs*, 85 M.S.P.R. 358, ¶ 25 (2000).

¶5    The issue of the Board's jurisdiction in an involuntary resignation or retirement case is inextricably intertwined with the merits of the appeal—where the employee establishes the Board's jurisdiction over the appeal by showing that her resignation or retirement was involuntary, she has also established the merits of her appeal. *Shoaf v. Department of Agriculture*, 260 F.3d 1336, 1341 (Fed. Cir. 2001). We agree with the administrative judge that the appellant failed to show by preponderant evidence that her resignation was involuntary.

¶6    The appellant alleged that she experienced intolerable working conditions in the form of harassment, primarily from her first-level supervisor, which caused her to resign. Specifically, she asserted that, in August 2011, he denied her requested leave, wrote her up for tardiness and leaving early, and required her to complete extra paperwork when submitting leave requests as compared to her coworkers who did not have to complete this extra paperwork. IAF, Tab 1, ROI at 16; IAF, Tab 14 at 4. She also asserted that, in September 2011, her first-level supervisor presented her a "write-up" for sleeping on the job during her lunch break due to health issues, despite the fact that another coworker had dozed off during a meeting. IAF, Tab 1, ROI at 17; IAF, Tab 14 at 5. The appellant further

alleged that, in October 2011, her first-level supervisor denied her leave request for the afternoon because he thought she had insufficient leave, even though she did have sufficient leave. IAF, Tab 1, ROI at 18; IAF, Tab 14 at 5. She also described that this situation turned into a loud argument about her leave that everyone could hear and that he eventually approved the leave. IAF, Tab 1, ROI at 18; IAF, Tab 14 at 5. According to the appellant, in August 2012, her first‑level supervisor talked about her disability in front of other people and said people were scared to come into work because of her disability. IAF, Tab 1, ROI at 21. He also told her that, if she missed more than 3 days of work in a row, she would need to submit a doctor's note. *Id.* The appellant described another incident the same month in which her first-level supervisor told her that she could not go to the doctor, but her second-level supervisor gave her permission to do so. *Id.* at 22; IAF, Tab 14 at 7. The appellant asserted that this situation caused her to have severely elevated blood pressure and to miss work for a day. IAF, Tab 1, ROI at 22; IAF, Tab 14 at 7. Last, she asserted that, also in August 2012, her third-level supervisor told her that she would be moved to another team, but, after packing her things, she waited for 2 days at her desk prior to being moved to the new team because managers were unaware of her move. IAF, Tab 1, ROI at 22; IAF, Tab 14 at 7.

¶7    On review, the appellant asserts that the administrative judge improperly focused on the agency's accommodation efforts when the reason she resigned was her first-level supervisor's discrimination and creation of a hostile work environment. PFR File, Tab 1 at 4. The administrative judge considered the appellant's complaints regarding her first-level supervisor, but found that she failed to produce evidence that her resignation was the result of improper acts on the part of the agency. I-2 ID at 6-7. We agree that the appellant's allegations of harassment do not render her resignation involuntary.

¶8    An employee is not guaranteed a working environment free of stress. *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000). Dissatisfaction

with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are generally not so intolerable as to compel a reasonable person to resign. *Id.* Thus, we do not find that the alleged harassment that the appellant has described would have caused a reasonable person to resign. Additionally, the U.S. Court of Appeals for the Federal Circuit has held that the doctrine of coerced involuntariness does not apply if the employee resigns or retires because she does not like agency decisions such as "a new assignment, a transfer, or other measures that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant . . . that [s]he feels that [s]he has no realistic option but to leave." *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996). Thus, even if the appellant disagreed with the leave procedures and denials from her first-level supervisor, this disagreement does not provide a basis for finding that her resignation was involuntary.

¶9     Furthermore, the appellant admitted that: (1) in October 2011, her second‑level supervisor gave the appellant permission to contact her, rather than the first-level supervisor, with any issues; (2) although her third-level supervisor offered to transfer her away from the supervision of her first-level supervisor, the appellant stated that she would be willing to get along with him on a professional level and therefore agreed to report to a project manager under the same supervisor; (3) in January 2012, she had little to no contact with her first-level supervisor; and (4) in August 2012, her third-level supervisor transferred her away from the supervision of her first-level supervisor. IAF, Tab 1, ROI at 20, 22; IAF, Tab 14 at 5-7. We thus find that the appellant admitted that the agency attempted to address her complaints regarding her first-level supervisor. The fact that she did not fully take advantage of these attempts and resigned shortly after the agency transferred her, undermines her argument that her resignation was involuntary. *See Miller*, 85 M.S.P.R. 310, ¶ 29 (finding that, to prove a constructive discharge, an employee has an obligation to act reasonably, not assume the worst, and not jump to conclusions too quickly). Therefore, the

appellant's argument on review does not provide a basis for disturbing the initial decision and we find that her complaints of harassment do not establish that her resignation was involuntary. *See Searcy v. Department of Commerce*, [114 M.S.P.R. 281](), ¶ 13 (2010) (finding that the appellant's contentions that his supervisor denied his request for advanced leave, spoke to him in a disrespectful way, and did not provide him any assistance with his work assignments, and that a higher-level official refused to grant him an education waiver that would have allowed him to apply for certain vacancies did not evince working conditions so intolerable that a reasonable person in the appellant's position would have felt compelled to resign).

¶10      Next, the appellant asserts that the administrative judge failed to take into consideration her disability and symptoms in determining that a reasonable person in her position would not have felt compelled to resign. PFR File, Tab 1 at 4. Below, the appellant alleged that the agency's failure to accommodate her contributed to her involuntary resignation. Specifically, she asserted that she applied for medical telework in August 2011, but that she was not able to telework 1 day per week until January 2012. IAF, Tab 1, ROI at 16, 20; IAF, Tab 14 at 4, 6. The appellant also alleged that when she reapplied for medical telework in June 2012, she was only given the option to telework 32 out of 40 hours per week for an initial period of 3 months. IAF, Tab 1, ROI at 22; IAF, Tab 14 at 6. Additionally the appellant alleged that, in August 2012, when her third-level supervisor stated that he would move her to a different team away from her first-level supervisor, she was required to wait for 2 days with her things packed because certain managers did not know where she would be placed. IAF, Tab 1, ROI at 22-23; IAF, Tab 14 at 7. The administrative judge found that the agency did everything possible to assist the appellant with continuing her employment including: (1) offering an accommodation of 32 hours of telework per week, which she declined simply because she was required to report to duty each week on a certain day; (2) offering to reassign her on two separate

occasions; and (3) personally encouraging her to take LWOP so she could retain her insurance and, if she wished, return to duty without going through a competitive process. I-2 ID at 6-7. We agree.

¶11      A resignation may be an involuntary action within the Board's jurisdiction if an agency improperly denied an employee's request for a reasonable accommodation of a medical condition. *See, e.g.*, *Hosozawa*, 113 M.S.P.R. 110, ¶ 7 (2010). However, the Board examines the totality of the circumstances by an objective standard to determine voluntariness and does not rely on the employee's purely subjective evaluation. *Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶ 22 (2004). Accordingly, the appellant's subjective belief that, considering the severity of her disability and symptoms, the agency did not properly accommodate her, does not affect our finding that any shortcoming in the agency's accommodation process did not render the appellant's resignation involuntary. Additionally, the appellant admitted at the hearing that her third‑level supervisor was very accommodating and was willing to work with her. HT at 78. We thus find that the appellant also failed to establish that her resignation was involuntary based upon any alleged failure by the agency to accommodate her. *See Collins v. U.S. Postal Service*, 100 M.S.P.R. 332, ¶¶ 9-14 (2005) (finding that the appellant's disability retirement was not involuntary where he did not show that the agency unjustifiably failed to offer him an accommodation and he demonstrated that he was not interested in pursuing any option other than retirement). Therefore, considering the record as a whole, we agree with the administrative judge that the appellant failed to establish by preponderant evidence that her resignation was involuntary.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.